NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| ANGELA J. DIAZ, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| REESE LAW GROUP, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes ANGELA J. DIAZ ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of REESE LAW GROUP ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction

1

is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California, and Plaintiff resides in the Eastern District of California.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Sutter County, California, which is located within the Eastern District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a collection firm organized under the laws of the state of California with its principal place of business at 3168 Lionshead Ave. Carlsbad, California 92010. Defendant regularly collects upon consumers located in the state of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

10. Prior to the conduct giving rise to these claims, Plaintiff obtained a line credit through

2

Wells Fargo Bank, N.A. ("Wells Fargo") to finance the purchase of personal and other consumer goods and services.

11. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Wells Fargo, thus incurring debt ("subject debt") and resulting in default.

12. Sometime thereafter, Defendant acquired the right to collect or attempt to collect on the subject debt.

13. On or about May 7, 2019, Defendant mailed or caused to be mailed to Plaintiff a "dunning" letter in order to collect upon the subject debt. *See* Exhibit A, a true and accurate copy of Defendant's dunning letter send to Plaintiff on May 7, 2019.

14. Defendant's dunning letter explicitly mentions that Defendant is a debt collector.

15. Yet, Defendant deceptively failed to disclose in its dunning letter that any information obtained would be used for the purpose of debt collection.

16. Moreover, the letter's salutation read "Sincerely," and is digitally signed by one of Defendant's attorneys, "James E. Delaney."

17. As such, the letter represented that it was sent by Mr. Delaney after he had engaged in a meaningful review of Plaintiff's account prior to sending the letter.

18. Moreover, Defendant's collection letter is form letter based on a quick inspection of its contents and format. Therefore, only a simple cut and paste exercise is needed to change the personal information of the recipient.

19. As a result of Defendant's misrepresentation regarding the extent to which an attorney reviewed the collection letter prior to sending it to Plaintiff, Plaintiff felt an undue sense of anxiety that she would be subjected to legal action if prompt payment was not made.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding her rights.

21. Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a

3

result of Defendant's conduct.

22. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

28. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff was made in connection with the collection of the subject debt.

    a. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

4

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

32. Defendant violated 15 U.S.C. §§ 1692e, e(3), and e(10) by sending a dunning letter to Plaintiff suggesting that this letter was from, and reviewed by, an attorney. Upon information and belief, Defendant mails numerous collection letters on a daily basis, thus the attorneys are not able to meaningfully review and sign every single letter that Defendant mails. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis and the fact that Defendant's letter was digitally signed, it is evident that Defendant's attorneys did not engage in a meaningful review of each collection letter sent and the underlying account(s) associated with the letter. Sending form collection letters said to be from an attorney when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the professional, considered determination to send the letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send collection letters is in violation of the FDCPA.

33. Defendant further violated §§ 1692e, e(10), and e(11) through its failure to disclose that any information obtained in communications between Plaintiff and Defendant would be used for debt collection. By failing to divulge this statutorily mandated disclosure in its correspondence, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate Plaintiff's rights in order to unlawfully extract payment from Plaintiff and to prevent Plaintiff from prosecuting an FDCPA claim against Defendant.

    **b. Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated 15 U.S.C. §1692f through its unfair and/or unconscionable misrepresentations that its debt collection correspondence was sent from an attorney who sufficiently reviewed the account(s) associated with such correspondence. This conduct gets to the heart of what the FDCPA was designed to redress – abusive debt collection practices. It is undoubtedly abusive and unfair for a debt collector to falsely suggest that its collection letter was sent after being reviewed by an attorney. This abusive debt collection practice has the impact of instilling an undue sense of urgency in consumers – an injury which the FDCPA was designed to redress. Plaintiff suffered this injury that the FDCPA was designed to redress, as the anxiety and concerns which came about as a result of thinking she was being sent debt collection letters from at least one attorney resulted in Plaintiff conferring with his counsel regarding the letter.

36. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by misguiding Plaintiff and obscuring her rights under the FDCPA. By failing to provide its statutorily mandated disclosures, Defendant unlawfully endeavored to shield itself from any potential retaliation.

**WHEREFORE**, Plaintiff, ANGELA J. DIAZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Enjoin Defendant from further sending Plaintiff an further dunning letters;

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

6

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

39. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

40. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   **a. Violations of RFDCPA § 1788.17**

41. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

42. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant's collection letter to Plaintiff failed to contain the full statutorily mandated disclosures in a deceptive attempt to obscure Plaintiff's rights. Moreover, Defendant engaged in deceptive and unfair behavior by invoking the involvement of an attorney when the facts surrounding the letter points to no meaningful involvement from an attorney. Therefore, Defendant's collection tactics only served to worry and confuse Plaintiff.

43. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, ANGELA J. DIAZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: May 31, 2019                Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com