Joseph M. Pleasant, Esq. (State Bar Number 179571)
jpleasant@reeselawgroup.com
3168 Lionshead Avenue
Carlsbad, CA 92010
Telephone 760.842.5850
Attorney for defendants REESE LAW GROUP, APC


Susan M. Benson, Esq. (State Bar Number 146837)
sbenson@bensonlegal.net
Benson Legal APC
6345 Balboa Boulevard, Suite 365
Encino, CA 91316
(818) 708-1250

Attorneys for Defendants REESE LAW GROUP, APC

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA,

SACRAMENTO DIVISION

| | |
|---|---|
| ANGELA J. DIAZ,<br><br>      Plaintiff<br>v.<br><br>REESE LAW GROUP,<br><br>      Defendant | Case No. 2:19-cv-00995-MCE-CKD<br><br>**REESE LAW GROUP'S REPLY TO PLAINTIFF'S FAILURE TO RESPOND TO ITS ANTI-SLAPP MOTION** |

  Reese files the following Reply in response to plaintiff's failure to respond to its anti-SLAPP motion and to advise the court of two developments which impact the manner in which the court should address the attorney fee issue raised in the motion.

///

///

///

1

REPLY TO PLAINTIFF'S FAILURE TO RESPOND TO ITS ANTI-SLAPP MOTION

## I. DIAZ HAS FILED FOR BANKRUPTCY

The first development is that after Reese filed its anti-SLAPP motion, Diaz filed a Chapter 7 bankruptcy.[1]

Generally, the Bankruptcy Code's automatic stay does not apply to judicial proceedings that were initiated by a debtor in bankruptcy. (*Conley v. Pitney Bowes, Inc*., E.D.Mo.1997, 978 F.Supp. 892, affirmed 176 F.3d 1044, rehearing and rehearing en banc denied, certiorari denied 120 S.Ct. 979, 528 U.S. 1136, 145 L.Ed.2d 930). Unlike situations where the debtor is the defendant in litigation, the automatic stay does not freeze litigation where the debtor is the plaintiff. (*Worth v. Tamarack American, a Div. of Great American Ins. Co.,* S.D.Ind.1999, 47 F.Supp.2d 1087, affirmed 210 F.3d 377).

In this regard, Reese's efforts to defend itself in her action, including its use of dispositive motions, do not violate the automatic stay even though resistance to a debtor's suit may burden rights asserted by debtor. (*U.S. v. Inslaw, Inc*., C.A.D.C.1991, 932 F.2d 1467, 289 U.S.App.D.C. 383, rehearing denied, certiorari denied 112 S.Ct. 913, 502 U.S. 1048, 116 L.Ed.2d 813). Therefore, the court may appropriately rule on the merits of Reese's anti-SLAPP motion despite her bankruptcy.

However, an issue with the automatic stay may arise if the court is asked to award attorney fees and costs against her during the stay. If Reese's motion is granted, it would be statutorily entitled to attorney fees and costs in a subsequent motion for attorney fees.

---

[1] See Pleasant declaration, ¶1, Exhibit 1. Note that Schedule A/B of her petition asks to identify all claims and lawsuits against third parties, as these are assets of the bankruptcy estate. Despite being well aware of this action he is concurrently prosecutting, Mr. Wajda, failed to disclose and identify this lawsuit to the bankruptcy court and trustee. (See Schedule A/B, page 5, item 33).

REPLY TO PLAINTIFF'S FAILURE TO RESPOND TO ITS ANTI-SLAPP MOTION

Thus, while Reese was planning on filing a subsequent motion for attorney fees if the court grants its motion, to avoid any such automatic stay issue, Reese deems it appropriate to withdraw the language in its motion to the extent it is deemed to request an award of attorney fees and costs in the court's anti-SLAPP ruling while the stay is in effect if the court has construed Reese's motion in that manner. So, to clarify, now that an automatic stay is in effect, Reese asks the court to strike the Rosenthal claim with prejudice but refrain from addressing whether Reese is entitled to attorney fees which Reese indicated it would request in a separate motion, other than to acknowledge that the court will only consider awarding attorney fees after the automatic stay has terminated, and, only upon a noticed motion. In this regard, because of the automatic stay, if Reese's motion is granted, it will not file a motion for attorney fees until after the automatic stay has terminated if it files one at all.

## II. DIAZ HAS MOVED TO DISMISS HER ROSENTHAL CLAIM

The second development is that while Diaz has not filed an opposition or statement of nonopposition to Reese's anti-SLAPP motion as required by the local rules, she has filed a motion to dismiss her Rosenthal claim with prejudice which is the subject of Reese's motion. (Document #13). Accordingly, Reese asks the court to consider her motion to dismiss as a statement of nonopposition to Reese's anti-SLAPP motion.

## III. CONCLUSION

For the foregoing reasons, Reese respectfully asks the court to grant its anti-SLAPP motion striking the Rosenthal claim with prejudice but refrain from addressing whether Reese is entitled to attorney fees which Reese indicated it would request in a separate motion, other than to acknowledge that because of the stay, the court will not consider a motion for attorney fees until the

REPLY TO PLAINTIFF'S FAILURE TO RESPOND TO ITS ANTI-SLAPP MOTION

stay has terminated or been lifted.

DATED: July 18, 2019

By: /s/ Susan Benson
Susan Benson, attorney for
Reese Law Group, Defendant

DATED: July 18, 2019

By: /s/ Joseph M. Pleasant
Joseph M. Pleasant, attorney for
Reese Law Group, Defendant